United States District Court
Southern District of Texas
**ENTERED**
November 10, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEDRO IBARRA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-2898 |
| | § | |
| BP EXPL. & PROD. INC. and BP AM. PROD. CO., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This is a Back-End Litigation Option ("BELO") lawsuit filed under the BELO provisions of the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement. Pedro Ibarra filed a stipulation of dismissal and his case was dismissed, with prejudice. The BP Defendants filed an application for costs under Federal Rule of Civil Procedure 54 and Southern District of Texas Local Rule 54.2. (Def.'s Bill of Costs, ECF No. 32). The motion was opposed, and the parties exchanged briefs. Based on the motion, response, briefs, record, and applicable law, the court grants the application and awards the BP Defendants taxable costs in the amount of **$5,872.42**.

Rule 54(d)(1) provides that, unless the court determines otherwise, "costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). If the court awards costs, it may tax only the expenses listed in 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials

where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Any cost not included in one of those categories is borne by the party incurring it. *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 973 (S.D. Tex. 2011) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 107 S. Ct. 2494, 2497–98 (1987)).

Relying on *Pacheco*, 448 F.3d at 793–94, Ibarra argues that the court should deny the application for costs because (1) the case "presented a close and difficult legal issue," (2) Ibarra has "limited financial resources," (3) the BP Defendants have "enormous financial resources," and (4) Ibarra prosecuted the case in good faith.[1] (Pl.'s Resp. to Def.'s Bill of Costs, ECF No. 33 ¶¶ 2.2–2.3). This case did not involve a close and difficult legal issue. The primary issue was whether Ibarra had to present expert testimony to establish causation. That requirement, although recently discussed in *Wilburn v. BP Expl. & Prod., Inc., et al.*, No. 19-898 (S.D. Tex. June 24, 2020), was not new, and the issue was not close or difficult. *See Id.* at 8 ("Federal courts handling *Deepwater Horizon* back-end lawsuits have consistently applied maritime law and required each plaintiff to prove causation.").

Ibarra's arguments about the parties' financial resources are also unpersuasive. *See Moore v. CITGO Refin. & Chems. Co., LP*, 735 F.3d 309, 320 (5th Cir. 2013) ("reducing or eliminating a prevailing party's cost award based on its wealth[] . . . is impermissible as a matter of law"); *U.S. ex. Rel. Long v. GSDMIdea City, LLC*, 807 F.3d 125, 129 (5th Cir. 2015) ("[The Fifth Circuit] ha[s] never held that the 'limited resources' of the losing party provide a basis for denying the

---

[1] Ibarra also cites *Moody Nat'l Bank of Galveston v. GE Life & Annuity Assur. Co.*, 423 F. Supp. 2d 651 (S.D. Tex. 2003). The court denied costs to the prevailing party in part for reasons not relevant here: unnecessary delay caused by the party's discovery "tactics," and, alternatively, the untimely submission of the costs application. *Id.* at 652–53.

prevailing party its costs."). Good faith, alone, is "insufficient to justify" denying costs to the BP Defendants. *Deep Fix LLC v. Marine Well Containment Co., LLC*, No. 18-0948, 2020 WL 1845336, at *2 (S.D. Tex. Apr. 10, 2020) (quoting *Pacheco*, 448 F.3d at 795). On this record, the court finds that Ibarra has not overcome Rule 54's presumption and taxable costs can be awarded to the BP Defendants.

The BP Defendants contend that they are entitled to the following costs:

| **Description of Cost** | **Cost** |
|---|---|
| Recording and transcribing Ibarra's deposition | $4,342.51 |
| Translator for Ibarra's deposition | $1,080.00 |
| Recording and transcribing Dr. D'Andrea's deposition, apportioned for this case | $359.91 |
| Serving a subpoena on Dr. D'Andrea for Ibarra's records | $55.00 |
| Serving a subpoena on Dr. Chaudhary to take his deposition | $45.00 |
| **Total Costs Requested**[2] | **$5,872.42** |

(Def.'s Bill of Costs, ECF Nos. 32-2, 32-3). Those costs are associated with recording and transcribing depositions and service of process.

The court awards the BP Defendants the costs of recording and transcribing the depositions, as well as the cost for the translator used in Ibarra's deposition. Costs for depositions are awarded if they were "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), which means that, when the deposition was taken, it "could reasonably be expected to be used for trial preparation, rather than merely for discovery," *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 285 (5th Cir. 1991). The court finds that the depositions were necessarily obtained for

---

[2] There is a $10 discrepancy in the amounts presented in the declaration of Georgia L. Lucier, an attorney for the BP Defendants, and the overall amount requested by the BP Defendants. *See* (Def.'s Bill of Costs, ECF Nos. 32-1 ¶ 8 ("Defendants seek $55.00 . . . for service of the subpoena on Dr. D'Andrea . . . [and] $45.00 . . . for service of the subpoena on Dr. Chaudhary[.] . . . The total amount of taxable costs for the service of the two subpoenas in this case is $90.00."), 32-2 (listing $90 in "[f]ees for service of summons and subpoenas")). Although the BP Defendants' total asserted costs are $5,882.42, they requested $5,872.42. The court considers the amount requested.

3

use at trial. *See Brumley Est. v. Iowa Beef Processors, Inc.*, 704 F.2d 1362, 1363 (5th Cir. 1983) ("a district court has great latitude in determining whether a deposition was 'necessarily obtained for use in the case'" (internal quotation marks omitted)). Ibarra does not argue otherwise. The court awards the BP Defendants **$5,782.42.**

The court also awards the BP Defendants their costs for service of process. Although § 1920(1) does not expressly allow for recovery of private process server fees, a prevailing party who used a private process server may recover as costs the amount that would have been charged by the U.S. Marshal's Service for service of process. *See Baisden*, 793 F. Supp. 2d at 73 ("[C]ourts that have allowed recovery of [private process server] fees typically do so only to the extent that the costs incurred do not exceed the costs that would have been incurred had the United States Marshal effected service."); *see also Ninan v. Hosp. Partners of Am., Inc.*, No. H-07-2095, 2009 WL 10692726, at *2 (S.D. Tex. Mar. 13, 2009) (awarding private process server costs instead of marshal fees); *Denner v. Texas Dep't of Criminal Justice*, No. SA-05-CA-184-CR, 2007 WL 294191, at *6 (W.D. Tex. Jan. 29, 2007) ("[P]rivate process server costs in lieu of marshal fees may be taxed, but only to the extent that they do not exceed the costs that would have been incurred had the marshal effected service."). The BP Defendants provided documents showing that the U.S. Marshal would have charged $55.00 per hour for service of process. (Def.'s Bill of Costs, ECF No. 32-4). The BP Defendants requested $90.00 as taxable costs for service of process. (Def.'s Bill of Costs, ECF No. 32-2 at 2). The court finds that **$90.00** may be taxed as private process server costs in lieu of Marshal fees.

The BP Defendants are entitled to taxable costs in the amount of **$5,872.42**.

SIGNED on November 10, 2020, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge